_____

No. 15-12585
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

CONNIE BISHOP, on behalf of herself and all others similarly situated,

*Plaintiff-Appellant*,

v.

ROSS EARLE & BONAN, P.A., a Florida professional association,
& JACOB E. ENSOR, individually,

*Defendants-Appellees.*

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA IN CASE NO: 2:15-CV-14051-KAM
(HONORABLE KENNETH A. MARRA, U.S. DISTRICT JUDGE)
_____

**APPELLANT'S REPLY BRIEF**
_____

Leo W. Desmond
Desmond Law Firm, P.C.
5070 Highway A1A, Suite D
Vero Beach, FL 32963
772-231-9600
*Attorney for Appellant*

October 8, 2015

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS……………………………………………………....i

TABLE OF AUTHORITIES……………………………………………...iii

ARGUMENT………………………………………………………………….1

I.  APPELLEES PRESENT CONFLICTING THEORIES………..…......1

II.  APPELLEES' COLLECTION LETTER WAS AN
INDIRECT COMMUNICATION WITH THE
APPELLANT/CONSUMER AND THEREFORE IS
SUBJECT TO THE REQUIREMENTS OF
15 U.S.C. § 1692g(a)…………………………….……...…………….......4

III.  APPELLEES WANT THE COURT TO PICK
AND CHOOSE WHAT WORDS OF THE
STATUTE ARE TO BE GIVEN EFFECT……………………..…………8

IV.  OMISSION OF THE "IN WRITING" REQUIREMENT
VIOLATES 15 U.S.C. § 1692g…………………………….….....…..9

    A.  Appellees' Debt Validation Notice Gives Appellant
Less Protection Than The FDCPA Affords Consumers…...…10

    B.  Appellees Not Required To Send Verification
Of The Debt…………. ………………………………………11

    C.  Appellees Not Required To Cease Collection
Of The Debt……………………………………...……...…11

V.  OMISSION OF THE "WRITING" REQUIREMENT OF
§ 1692g(a)(4) IS A VIOLATION OF § 1692e(10)………………....12

CONCLUSION……………………………………………………………...15

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Abby v. Paige*,
    2013 U.S. Dist. LEXIS 4625 (S.D. Fla. Jan. 11, 2013)……….………..…2

*Allen v. LaSalle Bank*,
    629 F.3d 364 (3d Cir. 2011)…...….……………………………..5, 7, 13

*Beasley v. Sessoms & Rogers, P.A.*,
    2010 U.S. Dist. LEXIS 52010 (E.D.N.C. Mar. 1, 2010)…………………...10

*Bicking v. Law Offices of Rubenstein & Cogan*,
    783 F. Supp. 2d 841 (E.D. Va. 2011)……………………………10, 12, 15

*Brady v. Credit Recovery Co.*,
    160 F.3d 64 (1st Cir. 1998)……………………………………….....…12

*Caceres v. McCalla Raymer, LLC*,
    755 F.3d 1299 (11th Cir. 2014)……….…………….………………...5, 13

*Camacho v. Bridgeport Fin. Inc.*,
    430 F.3d 1078 (9th Cir. 2005)...…………………………………….…..9

*Captain v. ARS Nat'l Servs.*,
    636 F. Supp. 2d 791(S.D. Ind. 2009)………………….……………...…13

*Carroll v. United Compucred Collections, Inc.*,
    2002 U.S. Dist. LEXIS 25032 (M.D. Tenn. Nov. 15, 2002)……………….12

*Chan v. N. Am. Collectors, Inc.*,
    2006 U.S. Dist. LEXIS 13353 (N.D. Cal. Mar. 24, 2006)…………………10

*Clomon v. Jackson*,
    988 F.2d 1314 (2d Cir. 1993)……………………..…………………..14

*Connecticut Nat'l Bank v. Germain*,
　　503 U.S. 249 (1992)……………………………………...…………………….…4

*DeCapri v. Law Offices of Shapiro Brown & Alt, LLP*,
　　2014 U.S. Dist. LEXIS 131979 (E.D. Va. Sept. 19, 2014)……………..…..12

*Dikeman v. National Educators*,
　　81 F.3d 949 (10th Cir. 1996)…………………….…………………………13

*Evory v. RJM Acquisitions Funding L.L.C.*,
　　505 F.3d 769 (7th Cir. 2007)……………………………………...…6, 7

*Fasten v. Zager*,
　　49 F. Supp. 2d 144 (E.D.N.Y. 1999)…………………………………….…11

*Fein, Such, Kahn & Shepard, PC v. Allen*,
　　No. 10-1417 (U.S. Dec. 23, 2011) ………………...…………………….8

*Grant-Fletcher v. McMullen & Drury, P.A.*,
　　964 F. Supp. 2d 514 (D. Md. 2013)…………………………………..12

*Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*,
　　217 F. Supp. 2d 336 (E.D.N.Y 2002)…………………………………10, 12

*Heintz v. Jenkins*,
　　514 U.S. 291 (1995)……………………………………………...…….…6

*Hernandez v. Guglielmo*,
　　977 F. Supp. 2d 1054 (D. Nev. 2013)……………………………………...10

*Hinkle v. Midland Credit Mgmt.*,
　　2015 U.S. Dist. LEXIS 934 (S.D. Ga. Jan. 6, 2015)………………………12

*Hooks v. Forman, Holt, Eliades & Ravin, LLC*,
　　717 F.3d 282 (2nd Cir. 2013)…………………………………………11

*Kline v. Mortg. Elec. Sec. Sys.*,
　　2012 U.S. Dist. LEXIS 55366 (S.D. Ohio Apr. 19, 2012)………………..7, 8

*LeBlanc v. Unifund CCR Partners*,
    601 F.3d 1185 (11th Cir. 2010)……………………..…………………....…14

*McCabe v. Crawford & Co.*,
    272 F. Supp. 2d 736 (N.D. Ill. 2003)……………………………….…10, 11

*Massa v. I.C. Sys., Inc.*,
    2008 U.S. Dist. LEXIS 13191 (S.D. Ind. Feb. 21, 2008)………..…………14

*Matmanivong v. Unifund CCR Ptnrs*,
    2009 U.S. Dist. LEXIS 36287 (N.D. Ill. Apr. 28, 2009)…………………...14

*Miljkovic v. Shafritz & Dinkin, P.A.*,
    791 F.3d 1291 (11th Cir. 2015)…………..………………………………4, 6

*Nero v. Law Office of Sam Streeter, P.L.L.C.*,
    655 F. Supp. 2d 200 (E.D.N.Y 2009)…………………………………....11

*Ogbin v. Fein*,
    414 Fed. Appx. 456 (3d Cir. 2011) (unpublished)…………..……………7

*Osborn v. Ekpsz, LLC*,
    821 F. Supp. 2d 859 (S.D. Tex. 2011)…………………………………11, 12

*Panto v. Prof'l Bureau of Collections*,
    2011 U.S. Dist. LEXIS 23328 (D.N.J. Mar. 7, 2011)………………….…7

*Pearson v. Convergent Outsourcing, Inc.*,
    2015 U.S. Dist. LEXIS 126149 (M.D. Fla. Sept. 21, 2015)…………...10, 11

*Quesenberry v. Alliant Law Group, PC*,
    2010 U.S. Dist. LEXIS 27866 (E.D. Tex. Mar. 5, 2010)…………………7-8

*Rubin v. United States*,
    449 U.S. 424 (1981)………………………………………………………5

*Russello v. United States*,
    464 U.S. 16 (1983)…………………………………………….…………9

v

*Sayyed v. Wolpoff & Abramson*,
    485 F.3d 226 (4th Cir. 2007)…………………………………………...6, 7

*Simon v. FIA Card Servs., N.A.*,
    732 F.3d 259 (3d Cir. 2013)……………………………………………...7

*Spira v. Consiglio, Parisi & Allen, Inc.*,
    2001 U.S. Dist. LEXIS 24497 (E.D.N.Y Jan. 3, 2001)……………………15

*Tinsley v. Integrity Fin. Partners, Inc.*,
    634 F.3d 416 (7th Cir. 2011)……………………………………………...7

*United States v. Fisher*,
    289 F.3d 1329 (11th Cir. 2002)……………..……………………………5

*Van Westrienen v. Americontinental Collection Corp.*,
    94 F. Supp. 2d 1087 (D. Or. 2000)…………………..…………………..14

*Walters v. PDI Mgmt. Servs.*,
    2004 U.S. Dist. LEXIS 13972 (S.D. Ind. Apr. 6, 2004)…………………...11

*Welker v. Law Office of Daniel Horowitz*,
    699 F. Supp. 2d 1164 (S.D. Cal. 2010)…………………………………10

*Withers v. Eveland*,
    988 F. Supp. 942 (E.D. Va. 1997)..……………...……………………....11

**Statutes & Other Authorities:**

15 U.S.C. § 1692……………………………………………………….*passim*

15 U.S.C. § 1692a(2)………………………………………………….4, 5

15 U.S.C. § 1692c(a)(2)……………………………………………….5, 6

15 U.S.C. § 1692e………………………………………………………*passim*

15 U.S.C. § 1692e(10)……………………..…………………….12, 15

15 U.S.C. § 1692g……………………………………………………*passim*

15 U.S.C. § 1692g(a)……………..……………………………………...1, 3, 4, 5, 8

15 U.S.C. § 1692g(a)(3)……………………………………………...…….9

15 U.S.C. § 1692g(a)(4)……………………………………………..*passim*

15 U.S.C. § 1692g(a)(5)……………………………………………….9, 15

15 U.S.C. § 1692k……………..……………………………………….13

**ARGUMENT**

## I.    APPELLEES PRESENT CONFLICTING THEORIES

Appellees' position that the debt validation notice required by 15 U.S.C. § 1692g(a) is only applicable to communications sent directly to the consumer defies the broad purpose of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA") to protect consumers from abusive debt collection practices.

Appellees contend that the letter sent to Appellant's attorney dated December 23, 2014 (the "Collection Letter") (App. Tab 1-3) was not a communication pursuant to 15 U.S.C. § 1692g(a) as it was not sent directly to the "consumer" but rather to the Appellant consumer's attorney.   Appellees then contend that had the Appellant consumer disputed the debt orally, "appellees would have ceased collection efforts, verified the debt, and provided Bishop [Appellant] with written confirmation of the verification."[1]   Response[2], page 15. Appellees further suggest that the language contained in the Collection Letter provided Appellant with "more protection than she otherwise was provided under

---

[1] The Court may not accept Appellees' statement as true or even consider such statement as there is no evidence in the Record to even remotely suggest that such behavior would have occurred.  However, the Court may accept such statement by Appellees as their admission that they believed that they were effectively communicating the notice required to be provided to a consumer pursuant to 15 U.S.C. § 1692g to Appellant.

[2] "Response" refers to the Appellees' Response filed September 18, 2015.

the strict statutory text" (Response, page 17), and that Appellees provided Appellant with "heightened protection" under the FDCPA. Response, page 7. Appellees then attempt to categorize the debt as a "fine." Response, page 5.[3]

Appellees then state that the notice language in the Collection Letter "actually afforded [Appellant] ***more*** protection than she otherwise would be afforded under the act." Response, pages 14-15. Emphasis in original.

Appellees cannot have it both ways. Either the Collection Letter attempted to effectively communicate the notice to a consumer as required by 15 U.S.C. § 1692g, or it did not. Appellees' argument that the Collection Letter was not a communication to Appellant consumer regarding her rights pursuant to § 1692g would suggest that the language included in the Collection Letter, appearing to inform a consumer of their right to dispute the debt and trigger the protections afforded by 15 U.S.C. § 1692g(b), was false and deceptive in violation of 15 U.S.C. § 1692e as none of the "notice" language in the Collection Letter would have actually applied to the Appellant consumer.

Appellees' argument that they were providing extended or additional protection to Appellant would also be erroneous as Appellees contend that since

---

[3] The Court may take judicial notice of Declaration of Restrictions and Protective Covenants For Magnolia Lakes: Recorded in the Saint Lucie County Official Records Book 1722 Page 774. Specifically, pages 783, 785, 786, which state that "fines" shall be levied as Special Assessments. See *Abby v. Paige*, 2013 U.S. Dist. LEXIS 4625 (S.D. Fla. Jan. 11, 2013) (A homeowner association's assessment is a "debt" under the FDCPA.).

the Collection Letter was not sent to the consumer directly, it could not be a communication to the consumer pursuant to § 1692g.  Thus, no rights under § 1692g could or would be afforded to the Appellant consumer.

If Appellees' argument that they were attempting to provide additional or extended rights to the Appellant consumer is to be believed, Appellees would also have to believe that "notice" pursuant to § 1692g had been effectively conveyed to the Appellant through her counsel in the Collection Letter.

Appellees, as outlined in their Response, seek to have the Court solely focus on the word "consumer" in § 1692g(a).  Appellees' reasoning is that since § 1692g(a) contains the word "consumer" whatever language they put in their defective validation notice would not matter since it was sent to an attorney rather than directly sent to a consumer.  If that were true, and a debt validation notice can only be sent to a consumer as Appellees theorize, then why would Appellees attempt to include a debt validation notice at all in its Collection Letter sent to Appellant's attorney as no notice would be required, and any indication that the validation notice was being provided would therefore be a misrepresentation in an attempt to collect a debt in violation of 15 U.S.C. § 1692e?

Congress enacted the FDCPA to protect consumers from abusive, deceptive and unfair debt collection practices of debt collectors.  15 U.S.C. § 1692 *et seq*.  As this Court has previously stated, "[i]t would create an odd situation, indeed, if the

3

fact that a consumer was represented by an attorney somehow excused the debt collector from otherwise observing the FDCPA's requirements." *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1303 (11th Cir. 2015).

## II.  APPELLEES' COLLECTION LETTER WAS AN INDIRECT COMMUNICATION WITH THE APPELLANT/CONSUMER AND THEREFORE IS SUBJECT TO THE REQUIREMENTS OF 15 U.S.C. § 1692g(a)

The FDCPA defines the term "communication" as the conveying of information regarding a debt directly or indirectly to any person through any medium.  15 U.S.C. § 1692a(2).  Appellant contends that the Collection Letter sent to her attorney was a direct communication to any person (in this instance her attorney) regarding a debt and therefore falls under the purview of § 1692e; and an indirect communication with Appellant/consumer for purposes of compliance with § 1692g and § 1692e.

Courts, when interpreting a statute, should presume that the statute means what the words say.  "We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-254 (1992).  Congress, when enacting the FDCPA, unambiguously defined the term "communication."   The plain meaning of the term communication controls in this matter.  See *Connecticut Nat'l Bank*, 503 U.S. at 254.  ("When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is

4

complete.'" quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981)); *United States v. Fisher*, 289 F.3d 1329, 1337-1338 (11th Cir. 2002)  ("The first rule in statutory construction is the determination whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute.  If the statute's meaning is plain and unambiguous, there is no need for further inquiry.") (internal citation omitted).

Contrary to Appellees' position, Appellant is not trying to "broaden" § 1692g(a) to encompass any person.  The FDCPA has already broadly defined the term "communication" as to encompass any person.  15 U.S.C. § 1692a(2). This Court has stated the FDCPA's "definition of communication is very broad." *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302 (11th Cir. 2014).  "The FDCPA is a remedial statute, and we construe its language broadly as to effect its purposes." *Allen v. LaSalle Bank*, 629 F.3d 364, 367 (3d Cir. 2011).  The scope of the FDCPA is broad and defines communication expansively.  *Id.* at 368.

In following the FDCPA's broad definition of the term communication, the Collection Letter is undoubtedly a communication to Appellant.  There is no express exemption in 15 U.S.C § 1692g(a) that states the debt validation notice cannot be sent to a consumer through an attorney and § 1692c(a)(2) requires a debt collector to only communicate with a consumer's attorney when they become

aware of such representation.  The Seventh Circuit in *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 773 (7th Cir. 2007) stated:

> The required written notice must be sent to 'the consumer,'…the person claimed to owe a debt.  The consumer's lawyer is not that person.  But if the debt collector knows that the consumer is represented by a lawyer, then (with immaterial exceptions) he may not communicate with the consumer directly.  § 1692c(a)(2). He must go through the lawyer.  The lawyer receives the notice and shares it with, or explains it to, his client. Hence the debt collector is communicating with the consumer within the meaning of the Act…The lawyer is both 'any person' and 'any medium.'

Section 1692c(a)(2) "is but another indication that communications with a debtor's attorney with regard to the debt are 'communications' as defined and regulated by the FDCPA[.]"  *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 233 (4th Cir. 2007). Additionally the Supreme Court has held a debtor has a cause of action under the FDCPA based on statements contained in letters to the debtor's counsel.  *Heintz v. Jenkins*, 514 U.S. 291 (1995).

This Court recently held in *Miljkovic* that a debt collector's "conduct toward a consumer's attorney are all covered by the FDCPA in the absence of any express exemption thereof[.]"  *Miljkovic*, 791 F.3d at 1297.  In following this Court's reasoning, the Appellees' Collection Letter was a communication towards Appellant's attorney and is therefore covered by the FDCPA.  Communications to a consumer's attorney are indirect communications to the consumer.  *Id.* See also,

6

*Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 269 (3d Cir. 2013) (The FDCPA defines communication broadly, and includes communications to a consumer's attorney as an indirect communication to the consumer.); *Allen,* 629 F.3d at 368 ("A communication to a consumer's attorney is undoubtedly an indirect communication to the consumer."); *Ogbin v. Fein*, 414 Fed. Appx. 456, 458 (3d Cir. 2011) (unpublished) (Holding letters sent to a debtor's attorney are actionable under the FDCPA.); *Tinsley v. Integrity Fin. Partners, Inc.*, 634 F.3d 416, 417 (7th Cir. 2011)  ("Anything a debt collector says to a debtor's lawyer is an indirect communication to the debtor."); *Sayyed*, 485 F.3d at 232 ("A communication to debtor's counsel, regarding a debt collection lawsuit in which counsel is representing the debtor, plainly qualifies as an indirect communication to the debtor."); *Evory*, 505 F.3d at 773 ("[A]ny written notice sent to the lawyer must contain the information that would be required by the Act if the notice were sent to the consumer directly."); *Kline v. Mortg. Elec. Sec. Sys.*, 2012 U.S. Dist. LEXIS 55366, at *15-16 (S.D. Ohio Apr. 19, 2012) (Communications to a debtor's attorney are subject to the FDCPA.); *Panto v. Prof'l Bureau of Collections*, 2011 U.S. Dist. LEXIS 23328, at *21 (D.N.J. Mar. 7, 2011) ("[A] communication by the debt collector to the consumer's attorney is actionable under the FDCPA[.]"); *Quesenberry v. Alliant Law Group, PC*, 2010 U.S. Dist. LEXIS 27866, at *6 (E.D.

Tex. Mar. 5, 2010) ("[L]ooking at the plain language of the statute, the Court finds that a false representation to a debtor's attorney can indeed violate the Act.").

Appellees' Collection Letter requests Appellant's attorney to communicate to Appellant the information in the Collection Letter by stating: "Please have Ms. Bishop remit payment for the fines…" (App. Tab. 1-3).   In sum, Appellees' Collection Letter sent to Appellant's attorney is a "communication" to Appellant as defined by the FDPCA, and therefore its debt validation notice must comply with all the requirements of 15 U.S.C. §§ 1692g and 1692e.[4]

## III.    APPELLEES WANT THE COURT TO PICK AND CHOOSE WHAT WORDS OF THE STATUTE ARE TO BE GIVEN EFFECT

Appellees argue that the Court should solely focus on the word "consumer" in 15 U.S.C. § 1692g(a), but ignore the words "in writing" contained in § 1692g(a)(4).

Appellees "recognize" that several district courts have ruled that failure to include the "in writing" requirement of § 1692g(a)(4) is a violation of the FDCPA, however Appellees urge this Court to disregard those rulings because they are not

---

[4] See also: *Kline v. Mortg. Elec. Sec. Sys.*, 2012 U.S. Dist. LEXIS 55366, at * 9-10 (S.D. Ohio Apr. 19, 2012) citing to Brief of Amicus Curiae U.S., *Fein, Such, Kahn & Shepard, PC v. Allen*, No. 10-1417 (U.S. Dec. 23, 2011); (Recommending the Supreme Court deny writ of certiorari.)  The Solicitor General, speaking on behalf of the Consumer Financial Protection Bureau and Federal Trade Commission, two federal agencies in control of interpreting the FDCPA, stated that if Congress wants to exclude communications from an attorney/debt collector to a debtor's attorney, Congress would have done so.

controlling.  Response, page 14.  While not controlling, the Court may look to the rulings from other Circuits as persuasive authority.  Additionally, it is notable that Appellees do not cite to even one ruling, from *any* court, controlling or not, that has held failure to include the "in writing" requirement is not a violation of the FDCPA in support of their position.

When language is included in one section of a statute and then omitted from another section of the same act, it is presumed that Congress did so intentionally and purposely.  *Russello v. United States*, 464 U.S. 16, 23 (1983).  A perfect illustration of this is §§ 1692g(a)(3)-(5).  Section 1692g(a)(3) does not include a writing requirement to dispute the debt, however §§ 1692g(a)(4)-(5) explicitly require a written notice requirement in order to receive verification of the debt or the name of the original creditor of the debt.  When interpreting a statute, a Court should presume that Congress acted intentionally and purposely when it included the "in writing" requirements of §§ 1692g(a)(4)-(5).  *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005).

## IV.  OMISSION OF THE "IN WRITING" REQUIREMENT VIOLATES 15 U.S.C. § 1692g

Sections 1692g(a)(4)-(5) expressly state the debtor must contact the debt collector "in writing."  The Collection Letter incorrectly omitted the writing requirement for requests for verification of the debt as required by § 1692g(a)(4).  "Courts throughout the country have held the omission of the phrase 'in writing' to

9

be sufficient to violate the FDCPA." *Pearson v. Convergent Outsourcing, Inc.*, 2015 U.S. Dist. LEXIS 126149, at * 6 (M.D. Fla. Sept. 21, 2015); *Bicking v. Law Offices of Rubenstein & Cogan*, 783 F. Supp. 2d 841, 844-845 (E.D. Va. 2011); *Welker v. Law Office of Daniel Horowitz*, 699 F. Supp. 2d 1164, 1171 (S.D. Cal. 2010); *Beasley v. Sessoms & Rogers, P.A.*, 2010 U.S. Dist. LEXIS 52010, at *19 (E.D.N.C. Mar. 1, 2010); *Chan v. N. Am. Collectors, Inc.*, 2006 U.S. Dist. LEXIS 13353, at *13-15 (N.D. Cal. Mar. 24, 2006); *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 742 (N.D. Ill. 2003); *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F. Supp. 2d 336, 340 (E.D.N.Y 2002).

## A.     Appellees' Debt Validation Notice Gives Appellant Less Protection Than The FDCPA Affords Consumers

Appellees seem to propose that by intentionally leaving out the "in writing" requirement to request validation of the debt, Appellant was provided with "***more*** protection than she otherwise would have been afforded under the" FDCPA. (Response, pages 14-15).  This is clearly not true as the FDCPA provides less protection to debtors who orally dispute the debt and greater rights to those who dispute the debt in writing.  As stated in *Hernandez v. Guglielmo*, 977 F. Supp. 2d 1054, 1057 (D. Nev. 2013):

> The consumer protection goals of effective conveyance of the consumer's rights under the Act, and the assignment of lesser rights to those who orally dispute a debt, whether or not verification is ultimately given, demands highly technical compliance with the "in

writing" notification, as opposed to highly technical noncompliance.

Appellee's omission of the "in writing" requirement of 15 U.S.C. § 1692g(a)(4) violates the FDCPA as it gave Appellant **less** statutory protection than provided under the clear wording of the statute.

### B.    Appellees Not Required To Send Verification Of The Debt

As Appellant stated in her Initial Brief, the writing requirement of § 1692g(a)(4) triggers certain protections under the FDCPA that are not triggered by an oral dispute of the debt.   Per the plain language of the statute, a debt collector is under no statutory obligation to send a consumer verification of the debt upon an oral request.  See e.g. *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2nd Cir. 2013);  *Pearson*, 2015 U.S. Dist. LEXIS 126149, at *6;  *Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 869-870 (S.D. Tex. 2011); *Nero v. Law Office of Sam Streeter, P.L.L.C.*, 655 F. Supp. 2d 200, 206 (E.D.N.Y 2009); *Walters v. PDI Mgmt. Servs.*, 2004 U.S. Dist. LEXIS 13972, at *15-16 (S.D. Ind. Apr. 6, 2004); *McCabe*, 272 F. Supp. 2d at 742-743;  *Fasten v. Zager*, 49 F. Supp. 2d 144, 149 (E.D.N.Y. 1999);  *Withers v. Eveland*, 988 F. Supp. 942, 947 (E.D. Va. 1997).

### C.    Appellees Not Required To Cease Collection Of The Debt

Once a consumer sends a **written** request for verification of the debt, the consumer is then given the protection afforded by § 1692g(b) which provides that once the consumer sends a **written** dispute or request for verification, the debt

collector must cease collection of the debt until verification of the debt is mailed to the consumer. This protection is not statutorily triggered unless the consumer notifies the debt collector in writing.  See e.g.  *Brady v. Credit Recovery Co.*, 160 F.3d 64, 67 (1st Cir. 1998); *Hinkle v. Midland Credit Mgmt.*, 2015 U.S. Dist. LEXIS 934, at *12-14 (S.D. Ga. Jan. 6, 2015);  *DeCapri v. Law Offices of Shapiro Brown & Alt, LLP*, 2014 U.S. Dist. LEXIS 131979, at *15-18 (E.D. Va. Sept. 19, 2014);  *Grant-Fletcher v. McMullen & Drury, P.A.*, 964 F. Supp. 2d 514, 524 n.9 (D. Md. 2013);  *Bicking*, 783 F. Supp. 2d at 845;  *Osborn*, 821 F. Supp. 2d at 869; *Carroll v. United Compucred Collections, Inc.*, 2002 U.S. Dist. LEXIS 25032, at *30-33 (M.D. Tenn. Nov. 15, 2002); *Grief*, 217 F. Supp. 2d at 340.

Notably, the Appellees, yet again, cite no case law, controlling or otherwise, that stands for the proposition that the omission of the "in writing" requirement of § 1692g(a)(4) provides the consumer "more protection" or would act to provide the consumer with the protections afforded by §1692g(b).

## V.    OMISSION OF THE "WRITING" REQUIREMENT OF § 1692g(a)(4) IS A VIOLATION OF  § 1692e(10)

The Collection Letter incorrectly omitted the writing requirement for requests of verification of the debt as required by §1692g(a)(4).  This omission is misleading and deceptive and therefore violates §1692e, as it would lead the least sophisticated consumer to believe that the request for verification of the debt could

12

be requested orally.  The omission of one of the FDCPA's validation notice requirements is actionable under § 1692e.  *Caceres*, 755 F.3d at 1303.

Alternatively, if Appellees are correct that the Collection Letter was not a communication with a consumer, therefore not triggering the protections afforded to a consumer by § 1692g, then Appellees falsely conveying in the Collection Letter that the protections of § 1692g were being afforded to Appellant is a violation of § 1692e, even though communicated to Appellant's attorney.

Appellees' position that debt validation notices need not contain the information mandated by the FDCPA as long as the notice is sent to the consumer's attorney is self-serving and erroneous.  The FDCPA would apply if a debt collector were collecting a debt from a lawyer just as it would if the debt collector were collecting a debt from a nonlawyer.  *Dikeman v. National Educators*, 81 F.3d 949, 953 n.12 (10th Cir. 1996).  The Third Circuit has also held:

> The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation.  *See § 1692k.*  If an otherwise improper communication would escape FDCPA liability simply because that communication was directed to a consumer's attorney, it would undermine the deterrent effect of strict liability.

*Allen*, 629 F.3d at 368.  See also, *Captain v. ARS Nat'l Servs.*, 636 F. Supp. 2d 791, 795 (S.D. Ind. 2009) ("[Section] 1692e also applies to communications to

lawyers."); *Matmanivong v. Unifund CCR Ptnrs*, 2009 U.S. Dist. LEXIS 36287, at *12 (N.D. Ill. Apr. 28, 2009) ("Communications to lawyers and the court are subject to Section 1692e the same way that communications to consumers are subject to the FDCPA."); *Massa v. I.C. Sys., Inc.*, 2008 U.S. Dist. LEXIS 13191, at *6 (S.D. Ind. Feb. 21, 2008) ("[A] debt collector's false representation to a consumer's lawyer may violate the FDCPA."); *Van Westrienen v. Americontinental Collection Corp.*, 94 F. Supp. 2d 1087, 1105 (D. Or. 2000) (A debt collector may be liable for statements or letters to the consumer's attorney under § 1692e.).

In *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010), the Eleventh Circuit stated:

> "'The least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Clomon* [*v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).]

Appellant has met the least sophisticated consumer standard. As stated, the least sophisticated consumer should have a "willingness to read a collection notice with some care." *Clomon*, 998 F.2d at 1319. In reading the Collection Letter with care, the least sophisticated consumer would think that he or she would be able to receive verification of the debt upon an oral request. However, a consumer is not entitled to receive verification of the debt unless she or he makes the request in

14

writing.  The least sophisticated consumer cannot be expected to research every minute detail of the FDCPA.  As such, the omission of the "writing" requirement is misleading and deceptive and therefore a violation of § 1692e. See *Bicking*, 783 F. Supp. 2d at 846 ("The alleged violations of Sections 1692g(a)(4) and (5) therefore also state a claim under § 1692e(10).); *Spira v. Consiglio, Parisi & Allen, Inc.*, 2001 U.S. Dist. LEXIS 24497, at *14-15 (E.D.N.Y Jan. 3, 2001) (Omission of the writing requirement of § 1692g(a)(4) is misleading and therefore violates § 1692e(10).).

## CONCLUSION

For the reasons stated herein, it is respectfully requested that this Court reverse the Order of the District Court dismissing the Complaint with prejudice.


October 8, 2015                                    Respectfully submitted,

                                                   /s/ Leo W. Desmond
                                                   Leo W. Desmond, Esq.
                                                   Florida Bar No. 0041920
                                                   5070 Highway A1A, Suite D
                                                   Vero Beach, Florida 32963
                                                   Telephone: 772-231-9600
                                                   Facsimile: 772-231-0300
                                                   lwd@verobeachlegal.com
                                                   *Attorney for Appellant*

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains, 3,627 words, excluding the parts of the brief exempted by Fed. R. App. 32(a)(7)(B)(iii) according to the words count function of Word 2013. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. Pro. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Times New Roman 14 point font.

/s/ Leo W. Desmond
Leo W. Desmond, Esq.
Florida Bar No. 0041920
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: 772-231-9600
Facsimile: 772-231-0300
lwd@verobeachlegal.com
*Attorney for Appellant*

<u>CERTIFICATE OF SERVICE</u>

I further certify that on October 8, 2015, seven copies of the Reply Brief for

Plaintiff-Appellant were dispatched for delivery to the Clerk's Office of the United

States Court of Appeals for the Eleventh Circuit by third-party commercial carrier

for overnight delivery at the following address:

Douglas J. Mincher, Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, NW
Atlanta, GA 30303


I further certify that on this same date, one copy of the same was served on

the following by CM/ECF or in some other authorized manner for these counsel or

parties who are not authorized to receive electronic Notice of Electronic Filing:

Hinshaw & Culbertson, LLP
Attorneys for Defendants-Appellees
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747

*/s/ Leo W. Desmond*
Leo W. Desmond, Esq.
Florida Bar No. 0041920
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: 772-231-9600
Facsimile: 772-231-0300
lwd@verobeachlegal.com
*Attorney for Appellant*